UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/29/2020
```

-------------------------------------------------------------X

SOUDAVONE VILAYVANH, as Administrator  :
of the Estate of ROBERT C. SMITH, deceased,  :
and SOUDAVONE VILAYVANH, individually,  :
  :
  :    20-CV-7226 (VEC)
  :
           Plaintiffs,  :    MEMORANDUM
  :    OPINION & ORDER
      -against-  :
  :
EAST 111TH STREET PROPERTIES, LLC,  :
EDISON PARKING CORPORATION, EDISON  :
N.Y. PARKING, LLC, and F & E SERVICES,  :
INC.,  :
  :
  :
           Defendants.  :

-------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

Plaintiff Soudavone Vilayvanh, as Administrator of the Estate of Robert C. Smith and as

an individual (collectively "Plaintiffs"), sued Defendants East 111th Street Properties, LLC

("East 111th"), Edison Parking Corporation ("Edison Parking"), Edison N.Y. Parking, LLC

("Edison N.Y."), and F & E Services, Inc. ("F&E") in state court for common law negligence,

wrongful death, loss of services, and violation of New York Labor Law § 240(1). *See* Compl.,

Dkt. 1-2. Defendants East 111th, Edison Parking, and Edison N.Y. removed the case to this

Court, pursuant to 28 U.S.C. § 1446. *See* Notice of Removal at 1, Dkt. 1. Plaintiffs move to

remand the case back to state court, pursuant to 28 U.S.C. § 1447(c). *See* Notice of Mot., Dkt. 9.

For the following reasons, Plaintiffs' motion to remand is GRANTED. This case is

REMANDED to the Supreme Court of the State of New York for New York County.

## BACKGROUND

Plaintiff's decedent, Robert C. Smith, was employed as a Senior Mechanic Technician for Edison Properties, LLC.  Compl. ¶ 4.  On December 21, 2019, Mr. Smith was repairing a Type 4 High Lift at a parking lot at 409 East 110th Street in New York City when an object fell and struck Mr. Smith, resulting in serious bodily injury and ultimately Mr. Smith's death.  *See id.* ¶¶ 92, 95; *see also* Stip., Dkt. 13.  Defendants East 111th, Edison Parking, and Edison N.Y. own and operate the parking facility; Defendant F&E constructed and installed the Type 4 High Lift on the property.  *See* Pl. Mem. of Law at 2–3, Dkt. 10; Defs. Mem. of Law at 10, Dkt. 15.  On July 22, 2020, Plaintiffs filed this case in state court, bringing claims for common law negligence, wrongful death, and loss of services, as well as a claim for violation of New York Labor Law § 240(1).  *See* Compl. ¶¶ 89–105, 115, 127, 134–135, 139.

On September 3, 2020, Defendants East 111th, Edison Parking, and Edison N.Y. removed the case to this Court,[1] arguing that the Court had jurisdiction based on diversity of citizenship.  *See* Notice of Removal ¶ 3.  In support of their assertion of diversity, Defendants stated that Plaintiff and Plaintiff's decedent "is and was a citizen of . . . Pennsylvania"; East 111th has four members, each of which is a Nevada-based trust; Edison Parking is "an entity formed under the laws of New Jersey"; and Edison N.Y. has four members, each of which is a Nevada-based trust.  *Id.* ¶ 4.  Defendants put forth no additional information concerning their respective citizenships, nor did they allege any facts concerning the citizenship of F&E.

On September 8, 2020, this Court ordered Defendants to provide additional information concerning Defendants' respective citizenships and F&E's participation in Defendants' removal

---

[1]     In their Notice of Removal, Defendants' counsel purported to represent all four Defendants, including F&E.  *See* Notice of Removal at 3.  The Notice of Removal itself, however, states that only Defendants East 111th, Edison Parking, and Edison N.Y. petition the Court for removal, and the moving Defendants do not now dispute that F&E did not join in their removal to this Court.  *See id.* at 1; *see also* Defs. Mem. of Law at 2, 9.

to federal court.  *See* Sept. 8, 2020 Order, Dkt. 3.  Counsel for East 111th, Edison Parking, and

Edison N.Y. responded on September 16, 2020, answering only two of the Court's nine

questions.  *See* Dkt. 7.  Counsel for F&E also responded on September 16, 2020, answering a

different two of the Court's nine questions.  *See* Dkt. 8.  On that same day, shortly after

Defendants had filed their responses to the Court's order, Plaintiffs moved to remand to state

court.  *See* Notice of Mot.  In moving to remand, Plaintiffs argue that Defendants have not

established complete diversity and have violated the rule of unanimity by removing the case

without the consent of all properly joined and served Defendants.  *See* Pl. Mem. of Law at 1–2.

## DISCUSSION

### A.  Subject-Matter Jurisdiction

Plaintiffs contend that Defendants have failed to produce sufficient evidence from which

the Court can conclude that it has subject-matter jurisdiction, and, in any event, based on the

evidence Defendants have produced, it is abundantly clear that diversity does not exist.  Because

the Court agrees that diversity does not exist and that it therefore does not have subject-matter

jurisdiction over this case, the Court need not determine whether Defendants have otherwise

satisfied their burden of producing sufficient information to establish the existence of diversity.

Because Defendants removed this case from state court, they "bear[] the burden of

proving that the case is properly in federal court."  *United Food & Com. Workers Union, Loc.*

*919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); *see also*

*McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).  A defendant may remove a

civil action initially filed in state court to the federal district court embracing the place where the

state court action is pending, so long as the district court has original subject-matter jurisdiction

over the plaintiff's claim. *See* 28 U.S.C. § 1441; *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 271

(2d Cir. 1994).  "The removal jurisdiction of the federal courts is limited and should be 'scrupulously confine[d].'"  *Zanotti v. Invention Submission Corp.*, No. 18-CV-5893, 2020 WL 2857304, at *4 (S.D.N.Y. June 2, 2020) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)).  In removed cases invoking diversity jurisdiction, the citizenship of the parties is important not only to ensure that the case is properly in federal court but also to ensure that the defendants have complied with the prohibition against removal in diversity cases in which any of the properly joined and served defendants is a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441(b)(2).

The Complaint does not state any federal causes of action, nor do any parties contend that any allegations arise under federal law.  Therefore, the only basis upon which this Court may exercise original jurisdiction is diversity.  District courts have original jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and the action is between "citizens of different States."  28 U.S.C. § 1332(a)(1).  It is black-letter law that "complete diversity," in which the citizenship of each plaintiff is diverse from the citizenship of each defendant, must exist for a district court to exercise diversity jurisdiction over an action.  *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir.1998).

"For purposes of diversity jurisdiction, [an individual's] citizenship depends on his domicile."  *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998).  As is relevant here, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."  28 U.S.C. § 1332(c)(2).

A corporation is deemed to be a citizen of the state in which it is incorporated and the state in which it has its principal place of business.  28 U.S.C. § 1332(c)(1).  "A corporation's

principal place of business under § 1332 is 'the place where a corporation's officers direct, control, and coordinate the corporation's activities.'" *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 218 (2d Cir. 2016) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010)).

The citizenship of a limited liability company is determined by the citizenship of each of its members. *See Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019); *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). As is also relevant in this case, the citizenship of a traditional trust is ascertained by looking to the citizenship of the trustees. *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 722 (2d Cir. 2017). To the extent any member of an artificial entity, such as a limited liability company or a trust, is itself an artificial entity, the court must engage in an "upstream analysis," looking to the members and structure of that entity. *See Palmiotti v. JAF Carrier L.L.C.*, No. 15-CV-2365, 2017 WL 1166364, at *2 (E.D.N.Y Mar. 28, 2017) (citing *Bayerische*, 692 F.3d at 49). In doing so, a court must look to *all* members of the artificial entity. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 192 (1990) ("We have never held that an artificial entity, suing or being sued in its own name, can invoke the diversity jurisdiction of the federal courts based on the citizenship of some but not all of its members.").

With these principles in mind, the Court must now determine whether Defendants have successfully demonstrated the existence of complete diversity. The Court has no trouble in concluding that Defendants have failed to do so. As an initial matter, Defendants have consistently provided incomplete and conclusory responses to Plaintiffs' and the Court's attempts to elicit additional information regarding the citizenship of Defendants. Beginning with their Notice of Removal, Defendants have repeatedly offered wholly irrelevant information as the purported basis for establishing diversity of citizenship. *See* Notice of Removal ¶ 4 (listing

the members of the LLC Defendants only as "Nevada-based trusts").  As established in their

response to Plaintiffs' motion to remand, Defendants are clearly aware of the appropriate tests

for determining the citizenship of artificial entities for purposes of diversity jurisdiction.  *See*

Defs. Mem. of Law at 4.  When considered in conjunction with Defendants' failure to proffer

any response at all to five of the Court's nine questions in its September 8, 2020 order, the only

reasonable conclusion is that Defendants have intentionally obfuscated the issue to avoid the

obvious conclusion that diversity does not exist.  On this basis alone, the Court would have been

justified in remanding this case to state court.  *See Platinum-Montaur*, 943 F.3d at 617 ("We

have remanded or dismissed cases when a plaintiff has invoked the original diversity jurisdiction

of a federal district court but failed to include adequate allegations of diversity in the complaint

and the record does not allow us to determine the citizenship of one of the parties."); *Leveraged*

*Leasing Admin. Corp. v PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) ("It is firmly

established that diversity of citizenship should be distinctly and positively averred in the

pleadings, or should appear with equal distinctness in other parts of the record." (internal

quotation marks and citation omitted)); *United Food*, 30 F.3d at 302–03 ("[W]e are not free to

speculate on the citizenship of each of the [unincorporated entity's] members in the complete

absence of any evidence regarding members' citizenships.").

    Nevertheless, even the limited information that Defendants have provided makes clear

that not all Defendants are diverse from all Plaintiffs and that remand is therefore warranted.  As

a result, the Court takes as given the information provided by Defendants and does not inquire

further whether bare assertions concerning an entity or individual's citizenship are sufficient to

meet Defendants' burden of establishing complete diversity.

Both sides agree that Plaintiff Vilayvanh and Plaintiff's decedent, Mr. Smith, are citizens of Pennsylvania.  To satisfy complete diversity, then, Defendants need to establish that none of the four Defendants is a citizen of Pennsylvania.  Edison Parking is a corporation incorporated and with its principal place of business in New Jersey.  Defs. Mem. of Law at 3.  So too is F&E. *See* Dkt. 8.  Both, therefore, are citizens of New Jersey for purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(c)(1).

In their opposition to Plaintiffs' motion, Defendants for the first time provide some relevant information concerning the members of East 111th and Edison N.Y.  According to Defendants, Edison N.Y. is a limited liability company with four members, each of which is a trust organized under Nevada law.  *See* Defs. Mem. of Law at 3.  Defendants assert that East 111th is a limited liability company with five members, four of which are trusts and one of which is itself a limited liability company.  *Id.* at 2.  Thus, the Court must engage in an upstream analysis, assessing the citizenship of each of the members of these two unincorporated Defendants in order to ascertain their citizenships.  *See Palmiotti*, 2017 WL 1166364, at *2.

The four trust-members of East 111th are the same four trusts that are members of Edison N.Y.  *See* Defs. Mem. of Law at 2, 3.  The citizenship of these four trusts will thus determine the citizenship of both Defendants, although East 111th may have additional states of citizenship depending on an analysis of its LLC member.  While Defendants do not expressly allege, or provide information sufficient to conclude, that the four trust-members of East 111th are traditional trusts as defined by the Second Circuit in *Raymond Loubier*, 858 F.3d at 729–30, Defendants' own analysis proceeds on such an assumption, and the information provided supports that conclusion.  *See* Defs. Mem of Law at 2 (demonstrating that all four trusts appear to be associated with a single family, supporting the conclusion that they exist for estate planning

purposes).  Each of the four trusts purportedly has the same trustee, HNB Trust Company, LLC

("HNB").  *Id.*  Defendants allege that HNB has four "members/managers," each of whom is a

citizen of Nevada.  *Id.*  Defendants do not provide any detail on the identity of these members,

including whether any member is itself an artificial entity, in which case the Court would

continue with its upstream analysis.  Defendants instead baldly assert that "[t]hey are citizens of

Nevada."  *Id.*  Accepting that as true, East 111th and Edison N.Y. are citizens of Nevada, while

East 111th might be a citizen of additional states depending on subsequent analysis.

The fifth member of East 111th is Uptown DD Properties, LLC ("Uptown DD").  *See id.*

at 3.  Uptown DD has 29 members, one of which is a trust whose sole trustee is again HNB.  *Id.*

As noted, the Court accepts for purposes of this motion that HNB's four members are all citizens

of Nevada, and thus HNB and, in turn, Uptown DD are citizens of Nevada.  The other 28

members of Uptown DD are individuals, 27 of whom are allegedly citizens of New Jersey and

one of whom is a "resident of Pennsylvania."  *Id.*  While residency is not synonymous with

citizenship for purposes of diversity jurisdiction, the Court takes Defendants to mean that one

Uptown DD member is a *citizen* of Pennsylvania.  *See Leveraged Leasing*, 87 F.3d at 47

(declining to find complete diversity where complaint listed individual plaintiffs only as

"residents" of a state).

The analysis should seemingly end here; East 111th, a limited liability company, has as a

member another limited liability company, Uptown DD, which itself has as a member a

Pennsylvania citizen.  Uptown DD is, therefore, a Pennsylvania citizen, so East 111th is also a

Pennsylvania citizen.  *See Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015

(2016) ("For . . . unincorporated entities, we . . . have adhere[d] to our oft-repeated rule that

diversity jurisdiction in a suit by or against the entity depends on the citizenship of all [its]

members." (internal quotation marks omitted) (quoting *Carden*, 494 U.S. at 195–96));

*Bayerische*, 692 F.3d at 49 (analyzing multiple layers of citizenship for limited liability company

with artificial entities as members); *Handelsman*, 213 F.3d at 51–52 (citing *Cosgrove v.*

*Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998), for the proposition that a limited liability company

"has the citizenship of its membership").  Because Plaintiffs are Pennsylvania citizens, complete

diversity does not exist, and this Court does not have subject-matter jurisdiction in this case.

Defendants argue, however, that the Court should disregard the Pennsylvania member of

Uptown DD in assessing East 111th's citizenship.  Defendants assert that the Pennsylvania

member owns only a 0.97% interest in Uptown DD, which translates to a 0.249% interest in East

111th, and that she is a "passive" member who lacks "the power to manage, bind or otherwise

make operational decisions" for Uptown DD.  Defs.' Mem. of Law at 7.  These facts, Defendants

claim, mean that the Pennsylvania member of Uptown DD is not a "real and substantial part[y]

to the controversy" for purposes of diversity jurisdiction, nor is she an "interested party with any

connection to the facts and circumstances giving rise to this subject action."  *Id.* at 6–8 (quoting

*Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 193 (2d Cir. 2003)).  Thus, Defendants

argue, her citizenship "should not be considered for purposes of diversity jurisdiction."  *Id.* at 8.

Defendants have relied on inapplicable case law in an attempt to develop a patently self-

serving new test for diversity jurisdiction, one that the Supreme Court and Second Circuit have

roundly rejected.  Defendants can point to no case law to support an approach that would have

the Court ignore certain members of a limited liability company for citizenship purposes to the

extent the member is below a certain percentage of ownership or does not exercise a particular

level of control over the limited liability company.  Instead, Defendants pluck helpful excerpts

from case law and place them out of context to persuade the Court to overlook an otherwise

obvious conclusion.  None of the cases Defendants cite even involves a determination of an unincorporated entity's citizenship.  *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 462–66 (1980) (concluding that trustees were real parties to a controversy involving the trust and thus could sue in their own names, invoking diversity jurisdiction based on their own citizenships); *Oscar Gruss*, 337 F.3d at 193–95 (assessing whether corporate entity was "real and substantial party" by looking to whether entity was suing solely in representative capacity); *E.R. Squibb*, 160 F.3d at 930–31 (determining whether to consider the citizenship of only the lead underwriter in a syndicate of underwriters or whether to consider all underwriters' citizenships for diversity purposes); *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 388–93 (S.D.N.Y. 2006) (analyzing whether an interpleader plaintiff was a nominal party).

Defendants' citations to critiques of this "endless unraveling" notwithstanding, Defendants have not pointed to a single case in which a court has followed their suggested approach.  *See* Defs. Mem. of Law at 4–5.  As recently as 2019, the Second Circuit reaffirmed that the correct approach is to consider *all* of an unincorporated entity's members when determining its citizenship for purposes of diversity jurisdiction, regardless of whether "scrupulous enforcement of these jurisdictional rules may make it more difficult for many business entities to sue or to be sued in federal court under diversity jurisdiction." *Platinum-Montaur*, 943 F.3d at 619; *see also Carden*, 494 U.S. at 192 (rejecting approach in which court looks to citizenship of only some members); *Americold*, 136 S. Ct. at 1016 (reaffirming approach of considering all members to determine citizenship of unincorporated entity).

Rejecting Defendants' contentions, the Court concludes that East 111th is a citizen of (at least) Nevada, New Jersey, and Pennsylvania.  Because Plaintiffs are citizens of Pennsylvania,

complete diversity does not exist, and this Court does not have subject-matter jurisdiction over this action.

**B. Rule of Unanimity**

Because the Court concludes that it does not have subject-matter jurisdiction over this action, it need not determine whether Defendants violated the rule of unanimity, which provides that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The Court writes only to note that, had it found it appropriate to exercise subject-matter jurisdiction over this case, it still would have granted Plaintiffs' motion to remand, because Defendants violated the well-settled rule of unanimity by removing this action without the participation or consent of Defendant F&E. The Court is unpersuaded by Defendants' argument that F&E is a "nominal party," such that its consent was not required. *See* Defs. Mem. of Law at 9–13. Based on the pleadings, Defendants have not shown that there is no possibility that Plaintiffs can state a cause of action against F&E. *See Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998) ("[The] defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the [allegedly nominal defendant] in state court."); *Fed. Ins. Co.*, 422 F. Supp. 2d at 389 ("The question of whether a party is nominal appears to be governed by essentially the same legal standard as whether a party is fraudulently joined.").

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion to remand is GRANTED.

The Clerk of Court is respectfully directed to REMAND this case to the Supreme Court of the State of New York for New York County.  The Clerk shall also terminate all open motions and close this case.


**SO ORDERED.**

**Date:  October 29, 2020**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**